## 6114. INTERSTATE LUMBER CO. *v.* WHITFIELD-BAKER COMPANY.

In construing a written contract, all writings which form a part of or enter into the contract should be construed together.

DECIDED AUGUST 4, 1915.

Complaint; from city court of Brunswick—Judge Krauss. October 5, 1914.

*Branch & Snow,* for plaintiff.

*Bolling Whitfield,* for defendant.

BROYLES, J. The Interstate Lumber Company brought suit against the Whitfield-Baker Company for $400, the balance of an account for lumber cut and delivered to the defendant. Upon an agreed statement of facts the case was submitted to the judge without the intervention of a jury. From the record it appears that the plaintiff received the order for the lumber from the defendant on February 4, 1910, and that delivery of the lumber was made to the defendant on March 2 and March 3, 1910. While the formal order sent by the defendant to the plaintiff specified February 26 as the date for delivery, yet the telegraphic and other written correspondence between the parties clearly indicated that the plaintiff would only accept the order at the price named in their (plaintiff's) communication and for delivery within four weeks from receipt of the order, and the letter from the defendant which closed the contract adopted the original proposal as to the time (four weeks) within which the lumber was to be delivered. While the lumber was not delivered by February 26, it was delivered within four weeks from the receipt of the order. It did not appear in any of the correspondence between the parties, leading up to the order, that the time of filling the contract was of any special importance. The defendant, at the time of placing the order, gave no notice to the plaintiff that the lumber was intended for shipment on any particular boat, or that it was to be shipped at all, nor was the plaintiff notified by the defendant that unless the lumber was received by February 26, extra port charges and demurrage would probably result. In our opinion, the damages which were set up as a recoupment to plaintiff's demand were not such damages as could reasonably have been expected to flow from the plaintiff's delay in shipping the lumber, even if we should hold that there

was such a delay; nor does it appear from the record that such damages were within the contemplation of both parties at the time of the acceptance of the order.   See *McNaughton* v. *Stephens,* 8 *Ga. App.* 545 (70 S. E. 61); *Alkahest System* v. *Curry,* 6 *Ga. App.* 625 (65 S. E. 580); *Albany Phosphate Co.* v. *Hugger,* 4 *Ga. App.* 771 (62 S. E. 533).

In our judgment the court erred in finding for the defendant.

In accordance with the request of counsel of the defendant, made in his brief, direction is given that on the next trial of this case the agreed statement of facts may be reopened, and each party to the suit shall be permitted, if it so desires, to submit additional evidence.        *Judgment reversed, with direction.*